J-S65026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: INVOLUNTARY TERMINATION OF PARENTAL RIGHTS TO A.R., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: D.Y., FATHER | : : : : | |
| | : | No. 1176 MDA 2018 |

Appeal from the Decree Entered July 3, 2018
In the Court of Common Pleas of Lancaster County Orphans' Court at
No(s):  2017-02365

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

CONCURRING & DISSENTING STATEMENT BY SHOGAN, J.:

**FILED: JANUARY 17, 2019**

I agree with the Majority that the competent evidence of record supports termination of Father's parental rights pursuant to 23 Pa.C.S. § 2511(a). Majority Memorandum at 6.  I am compelled to disagree, however, that Father waived any challenge regarding Section 2511(b).  *Id.* at 5 n.5; *see In re C.L.G.*, 956 A.2d 999 (Pa. Super. 2008) (*en banc*).  As we stated in *C.L.G.*, "[O]nce the statutory grounds for termination [of parental rights] have been met under Section 2511(a), the court **must consider** whether termination serves the needs and welfare of the child, pursuant to Section 2511(b)." *C.L.G.*, 956 A.2d at 1009 (emphasis in original). Therefore, consideration of Section 2511(b) is a prerequisite to a trial court's involuntary termination of parental rights.  Similarly, this Court has indicated that on appeal, we should

review whether the trial court's evaluation of the needs and welfare of the child are met by termination of parental rights despite improper preservation of the issue. *Id*. Therefore, in reliance on *C.L.G.*, I would not find waiver. However, because the record supports the trial court's determination that termination of Father's parental rights best serves Child's interest, I agree with the Majority that the order should be affirmed. *See* Majority Memorandum at 6 n.7; Pa.R.A.P. 1925 Opinion, 7/24/18; Memorandum Opinion and Decree, 7/3/18, at 9–11.